IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUROTH CHATTERJI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 2:18-cv-00199-CB |
| v. ) | (Judge Cathy Bissoon) |
| ) | |
| CITY OF PITTSBURGH and ) | |
| LINDA BARONE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ASSISTANT CHIEF OF PITTSBURGH BUREAU OF POLICE AND DEPUTY DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY LINDA BARONE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

AND NOW, comes Defendant Assistant Chief of Pittsburgh Bureau of Police and Deputy Director of the Department of Public Safety Linda Barone (hereinafter referred to as "Assistant Chief and Deputy Director Linda Barone") through her counsel, James T. Tallman, Esquire, and Elliott & Davis, P.C., and files this Reply Brief in Support of Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), as follows:

**I. PLAINTIFF ATTEMPTS TO SURVIVE DEFENDANT'S MOTION TO DISMISS BY CONFLATING HIS CLAIMS**

The Amended Complaint sets forth two distinct claims. In Count I, Plaintiff asserts an Equal Protection claim by way of § 1983. To establish a Section 1983 claim, plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d

1

Cir.1996). Plaintiff agrees that the elements of a valid § 1983 claim for a denial of Equal Protection based on intentional racial animus are that: (1) the plaintiff belongs to a protected class; (2) the defendant acted under color of state law; and (3) the defendant treated plaintiff differently because of his race. Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 368-69  368-69 (3d Cir. 2008)).[1] Rather than address Defendant's argument that the Complaint does not set forth sufficient well-pled factual allegations to support Count I under the Twombly/Iqbal standard, Plaintiff conflates the allegations relating to the two separate counts. Plaintiff sets forth a discrete Equal Protection claim in the Amended Complaint:

> Pittsburgh and Assistant Chief Barone, together and/or individually, intentionally discriminated against Officer Chatterji by not promoting him to sergeant because of his national origin, in violation of the Equal Protection Clause of the United States Constitution.

See ECF #15, Am. Compl. ¶ 127.  This claim cannot be supported by allegations that Plaintiff was not promoted to sergeant because of the audit. As set forth in the Defendant's Brief in Support of Motion to Dismiss Amended Complaint, the Amended Complaint does not contain sufficient properly pleaded factual allegations to establish a claim that Assistant Chief and Deputy Director intentionally discriminated against Plaintiff on the basis of his race/national origin and that such discrimination caused him not to be

---

[1] Defendant has not waived any issue by not addressing it in her motion to dismiss. In particular, Plaintiff addresses the issue of whether Defendant was in a supervisory role and suggests that the issue was "waived" by Defendant. Defendant does not concede or "waive" the issue. For purposes of her motion to dismiss, even assuming Defendant had such a role in the context of an Equal Protection Clause claim, Plaintiff has not stated a plausible factually supported claim for violation of the Equal Protection Clause against Defendant Linda Barone.

promoted.[2] Accordingly, Count I of the Amended Complaint should be dismissed with prejudice.

### II. Plaintiff Fails to State a Claim Under the Pennsylvania Whistleblower Law Against Assistant Chief and Deputy Director Barone.

In his Brief in Opposition, Plaintiff fails to address the heart of Defendant's argument that the Amended Complaint does not establish that Assistant Chief and Deputy Director Barone was Chatterji's employer. The Whistleblower Law defines "employee" as "A person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for an employer." See 42 Pa. C.S.A § 1422. While Plaintiff may have been an employee of the City of Pittsburgh, there are no factual allegations that Plaintiff performed services for Assistant Chief and Deputy Director Linda Barone. Moreover, as set forth in Defendant's Motion to Dismiss and supporting brief, Plaintiff cannot maintain a claim under the Whistleblower Law against Assistant Chief and Deputy Director Linda Barone individually. Plaintiff cites Bailets v. Pa. Tpk Comm'n, 123 A.3d 300 (Pa. 2015). Bailets, however, dealt with the appeal of the Turnpike Commission and does not address the issue of individual liability under the Whistleblower Law. For liability to be imposed on Assistant Chief and Deputy Director Linda Barone individually under Pennsylvania law, Plaintiff would have to plead "a crime, actual fraud, actual malice, or willful misconduct." See Political Subdivision Torts Claims Act, 42 Pa. C.S. § 8550. See also §§ 8549, 8545. Plaintiff does not plead any allegations to support a finding of "a crime, actual fraud, actual malice, or willful misconduct." Thus, the only claim against

---

[2] Plaintiff repeatedly states that Assistant Chief and Deputy Director Linda Barone has made an admission because Plaintiff *alleges* a that she made statements to colleagues concerning Plaintiff. A factual allegation in a complaint does not constitute an admission.

Assistant Chief and Deputy Director Linda Barone under the Whistleblower Law can be for actions in her official capacity in the scope of her employment.

For these reasons, Assistant Chief and Deputy Director Linda Barone respectfully requests that Plaintiff's claim under the Whistleblower Law in Count II of the Amended Complaint be dismissed with prejudice, as to her individually.

Dated:  August 17, 2018

                Respectfully submitted,

                ELLIOTT & DAVIS, P.C.

                By: */s/James Tallman*
                    James Tallman, Esq.
                    Pa Bar Id. 79257
                425 First Avenue, First Floor
                Pittsburgh, PA 15219
                Tel: (412) 434-4911, ext. 17
                *Attorneys for Defendant Linda Barone*