IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOUROTH CHATTERJI,            )
     Plaintiff,            )
                    )    Civil Action No. 2:18-cv-00199-CB
     v.            )
                    )    Judge Cathy Bissoon
CITY OF PITTSBURGH and LINDA  )
BARONE, individually,            )
     Defendants.            )

**DEFENDANT CITY OF PITTSBURGH'S ANSWER AND AFFIRMATIVE DEFENSES**

     Defendant City of Pittsburgh respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Complaint.

**INTRODUCTION**

     1.    It is admitted that Plaintiff was a patrol officer with the Pittsburgh Bureau of Police (PBP) and at times performed work regarding PBP's information technology systems during the tenure of former Chief of Police Cameron McLay.  Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 1 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

     2.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

     3.    It is admitted that Plaintiff sat for the examination required for promotion. Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 3 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

1

4.      It is admitted that Assistant Chief and Deputy Director Barone filed a complaint with OMI that referred to Plaintiff and other individuals. Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 4 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

5.      The allegations in paragraph 5 are admitted in part and denied in part. It is admitted that the Department of Public Safety consists of the Pittsburgh Bureau of Police, in addition to other Bureaus as set forth in Pittsburgh City Code, title 1, Section 116.01, that Wendell Hissrich is the Director of the Department of Public Safety, and that Director Hissrich's powers and duties are set forth in Pittsburgh City Code, title 1, Section 116.02. It is also admitted that Defendant Barone is employed as the Deputy Director of the Department of Public Safety. It is denied that Director Hissrich engaged in, directed, or acquiesced in any retaliatory and discriminatory conduct against Plaintiff. As to the remaining allegations, after reasonable investigation, the Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

6.      The allegations of paragraph 6 of Plaintiff's Amended Complaint consist of conclusions of law to which no response is required.  To the extent they are deemed to state factual allegations, they are specifically denied.

## PARTIES

7.      The allegations of Paragraph 7 relate to the residence of Plaintiff, Sorouth Chatterji; therefore no response from the Defendant is required.

2

8.      The allegations in paragraph 8 are admitted in part and denied in part. It is admitted that Pittsburgh is a city of the second class located in the Commonwealth of Pennsylvania. It is admitted that the Department of Public Safety consists of the Pittsburgh Bureau of Police, in addition to other Bureaus as set forth in Pittsburgh City Code, title 1, Section 116.01, that Wendell Hissrich is the Director of the Department of Public Safety, and that Director Hissrich's powers and duties are set forth in Pittsburgh City Code, title 1, Section 116.02. As to the remaining allegations, after reasonable investigation, the Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

9.      As to the allegations regarding Defendant Barone's identity, no response from the City of Pittsburgh is required. As to the remaining allegations of paragraph 9, the Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

## JURISDICTION AND VENUE

10.     The allegations of paragraph 10 of Plaintiff's Amended Complaint consist of jurisdictional allegations, and as such, are conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

11.     The allegations of paragraph 11 of Plaintiff's Amended Complaint consist of jurisdictional allegations, and as such, are conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

## STATEMENT OF FACTS

12.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

13.     Admitted.

14.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

15.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

16.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

17.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

18.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

19.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

20.    Admitted.

21.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

22.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

23.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

24.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

25.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

26.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

27.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

28.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

29.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

30.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

31.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

32.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

33.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

34.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

35.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

36.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

37.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

38.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

39.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

40.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

41.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

42.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

43.    Upon information and belief, it is admitted that OMI conducted an investigation listing former Chief McLay and Eric Holmes as complainants, and that the FBI also conducted an investigation, regarding aspects of PBP's use of B-Three Solutions. Upon further information and belief, it is admitted that such investigations ended without factual findings of any wrongdoing by Defendant Barone or any other accused individual, or resulting in any criminal charges brought against any individual. Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 43 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

44.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

45.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

46.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

47.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

48.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

49.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

50.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

51.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

52.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

53.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

54.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

55.     Denied.

56.     Denied.

57.     Denied as stated. It is admitted that, at a time subsequent to former Chief McLay's departure from employment with the Pittsburgh Bureau of Police, Commander Barone was promoted to Assistant Chief of the PBP and Deputy Director of the Department of Public Safety by Director Hissrich.

58.     Denied.

59.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

60.     Denied.

61.     The allegations contained in paragraph 61 are admitted in part and denied in part. City Council has altered the procedures for requests for proposals; Council resolutions speak for themselves. As to the remaining allegations of paragraph 61, the Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

62.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

**THREATS**

63.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

64.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

65.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

66.     It is denied that Director Hissrich received alleged statements from Defendant Barone, whether "directly or indirectly," suggesting that Plaintiff "would ultimately be the one that suffered for investigating B-Three Solutions," or that he "assisted" Defendant Barone "so

that she could maliciously respond to" Plaintiff. It is denied that any such intent to cause alleged suffering or malicious response existed. Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 66 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

67.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

68.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

69.     The allegations contained in paragraph 69 are admitted in part and denied in part. Sergeant Cortopassi is no longer employed by the Pittsburgh Bureau of Police. As to the remaining allegations of paragraph 69, Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

70.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

71.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

72.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

73.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

74.     Denied.

75.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

76.     Denied.

77.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

**RETALIATION**

78.     Admitted.

79.     Admitted.

80.     The allegations in paragraph 80 of Plaintiff's Amended Complaint are directed to another Defendant, and therefore Defendant City is not required to respond. To the extent a response is required, such allegations are specifically denied.

81.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 of Plaintiff's Amended Complaint, and therefore they are specifically denied. It is specifically denied that Director Hissrich "was aware of and ratified" any efforts "to stop Officer Chatterji from auditing the PBP's information technology systems at the direction of Former Chief McClay and Chief of Staff Holmes."

82.    The allegations in paragraph 82 are admitted in part and denied in part. It is admitted that Linda Barone serves as the Deputy Director of the Department of Public Safety, and works with Director Hissrich on PBP's personnel decisions. As to the remaining allegations of paragraph 82, Defendant is without knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore these allegations are specifically denied.

83.    It is admitted that Defendant Barone generally reports directly to Director Hissrich. By way of further response, it is denied that "Director Hissrich is aware of all actions taken by Deputy Director Barone." Defendant is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 83 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

84.    The allegations found in paragraph 84 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

85.    It is admitted that Defendant Barone is Assistant Chief of Administration for the PBP. Defendant is without knowledge and information sufficient to form a belief as to the truth

of the other allegations in paragraph 85 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

86.     The allegations found in paragraph 86 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

87.     The allegations found in paragraph 87 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

88.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

89.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 89 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

90.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

91.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

92.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

93.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

94.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 94 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

95.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

96.     Upon information and belief, denied.

97.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

98.     Upon information and belief, denied.

99.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 99 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

100.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 100 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

101.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

102.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 102 of Plaintiff's Amended Complaint, which refers to unspecified emails, and therefore they are specifically denied.

103.    Denied.

104.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 104 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

105.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 105 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Admitted.

110.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 110 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

111.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 111 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

112.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 112 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

113.    Denied.

114.    Denied.

115.    Denied as stated. Upon information and belief, it is admitted that, while Public Information Officer Alicia George met Plaintiff on January 29, 2018, this meeting was not at the direction of Defendant Barone and PIO George did not confront Plaintiff about "auditing B-Three Solutions." To the contrary, the meeting was at Plaintiff's initiative.

116.    Upon information and belief, it is denied that the January 29, 2018 meeting was a "confrontation," and that "PIO George told Officer Chatterji that his career would be ruined unless he cooperated with Assistant Chief Barone, which included signing a non-disclosure agreement relating to any information he learned about her and B-Three Solutions during the audit." To the contrary, Plaintiff brought up the notion of a non-disclosure agreement.

117.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 117 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

118.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 118 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

119.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 119 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

120.    Denied.

121.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 121 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

122.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 122 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

123.    Denied.

## COUNT I – EQUAL PROTECTION VIOLATION UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

### (Plaintiff v. All Defendants)

124.    Defendant incorporates answers to paragraphs 1-123 above, of Plaintiff's Amended Complaint, as if same were set forth fully at length herein.

125.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 125 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

126.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 126 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

127.    The allegations found in paragraph 127 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

128.    The allegations found in paragraph 128 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

The unnumbered "WHEREFORE" clause following paragraph 128 of Plaintiff's Amended Complaint contains Plaintiff's prayer for relief and as such requires no response. To the extent a response is required, those allegations are specifically denied.  It is denied further that Plaintiff is entitled, either legally or factually, to any of the relief sought in the Amended Complaint.

## COUNT II – VIOLATION OF THE WHISTLEBLOWER LAW

### (Plaintiff v. All Defendants)

129.    Defendants incorporate answers to paragraphs 1-128 above, of the Plaintiff's Amended Complaint, as if same were set forth fully at length herein.

130.    The allegations found in paragraph 130 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required.  To the extent they are deemed to state factual allegations, they are specifically denied.

131.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 131 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

132.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 132 of Plaintiff's Amended Complaint, and therefore they are specifically denied.

133.    The allegations found in paragraph 133 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

134.    The allegations found in paragraph 134 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

135.    The allegations found in paragraph 135 of the Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

The unnumbered "WHEREFORE" clause following paragraph 135 of Plaintiff's Amended Complaint contains Plaintiff's prayer for relief and as such requires no response. To the extent a response is required, those allegations are specifically denied. It is denied further that Plaintiff is entitled, either legally or factually, to any of the relief sought in the Amended Complaint.

Defendant denies any and all allegations of fact not expressly admitted in this Answer.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction.

## THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff has failed to mitigate any alleged damages and is therefore barred from recovery.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendant was not the proximate cause of any alleged injury or damage incurred by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's own actions and/or failure to act were the direct and proximate cause of the

alleged injuries and damages.

### NINTH DEFENSE

Plaintiff failed to exhaust administrative remedies and/or institute this proceeding within the applicable statutory period.

### TENTH DEFENSE

Plaintiff has failed to identify comparably situated employees who received more favorable or less unfavorable treatment.

### ELEVENTH DEFENSE

Plaintiff's claims fail to show that the challenged conduct violated any clearly established constitutional right or law of which a reasonable law enforcement officer should have been aware. Because Plaintiff cannot establish that a constitutional violation has been committed by any individual state actor, any claims of municipal liability are barred.

### TWELFTH DEFENSE

Defendant asserts all of the defenses, immunities, and limitations on damages available under the Political Subdivision Tort Claims Act and avers that Plaintiff's remedies are limited exclusively thereto.  Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A §8541 et seq.

### THIRTEENTH DEFENSE

Defendant's actions regarding Plaintiff occurred for separate and legitimate reasons, which are not merely pretextual.

### FOURTEENTH DEFENSE

Defendant would have made the same decision regarding Plaintiff's employment in the

absence of any allegedly impermissible motivating factor.

* * * *

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor, that it be awarded attorneys' fees and costs, and such other and further relief as the Court deems appropriate in this action.

A jury trial is demanded.

Respectfully submitted,

YVONNE S. HILTON
City Solicitor

s/ Matthew S. McHale, Esq.
Matthew S. McHale, Esq. (Pa. ID No. 91880)
Associate City Solicitor
414 Grant Street
Pittsburgh, PA 15219
matthew.mchale@pittsburghpa.gov
*Counsel for Defendant City of Pittsburgh*