**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOUROTH CHATTERJI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 2:18-cv-00199-CB |
| v. | ) | (Judge Cathy Bissoon) |
| | ) | |
| CITY OF PITTSBURGH and | ) | Defendant Linda Barone's |
| LINDA BARONE, | ) | Answer to Amended Complaint |
| | ) | |
| | ) | |

**<u>ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT</u>**

AND NOW, comes Defendant Assistant Chief of Pittsburgh Bureau of Police and Deputy Director of the Department of Public Safety Linda Barone (hereinafter referred to as "Assistant Chief and Deputy Director Linda Barone" or "Linda Barone") through her counsel, James T. Tallman, Esquire, and Elliott & Davis, P.C., and files this Answer and Affirmative Defenses to Amended Complaint, as follows:

1.      It is Admitted that Plaintiff was employed as a patrol officer with the Pittsburgh Bureau of Police (PBP). Answering Defendant is without information or knowledge sufficient either to admit or deny all other averments of Paragraph 1.

2.      The averments of paragraph 2 are denied as to the alleged actions and statements attributed to Assistant Chief and Deputy Director Linda Barone. As for the actions and statements attributed to others, Answering Defendant is without information or knowledge sufficient either to admit or deny such averments, except to deny that Answering Defendant in any way directed or encouraged such actions or statements or any form of discrimination of or retaliation toward Plaintiff.  Therefore, all other such

averments are denied.

3.      Upon information and belief, Plaintiff sat for the examination required to be promoted to the rank of sergeant. All other averments of Paragraph 3 are denied.

4.      It is admitted that Assistant Chief and Deputy Director Linda Barone filed a complaint with OMI that included Plaintiff and a number of other individuals. All other averments of Paragraph 4 are denied.

5.      It is admitted that Answering Defendant is employed as the Deputy Director of the Department of Public Safety. The remaining averments of Paragraph 5 are denied. Further, it is denied the Assistant Chief and Deputy Director Linda Barone engaged in any retaliatory or discriminatory conduct against Plaintiff.

6.      The averments of Paragraph 6 are legal conclusions to which no response is required. To the extent that any response is deemed necessary, the averments are denied. It is denied that Assistant Chief and Deputy Director Linda Barone deprived Plaintiff of any rights under the United States Constitution or Pennsylvania's Whistleblower Law.

7.      Based on information and belief, the averments of Paragraph 7 are denied.

8.      It is admitted that Pittsburgh is a second class city in the Commonwealth of Pennsylvania. The remaining averments of Paragraph 8 are denied as legal conclusions to which no response is required. To the extent that any response is deemed necessary, the averments are denied.

9.      It is admitted that Defendant Linda Barone is an adult individual residing in Allegheny County, Pennsylvania, and that she is employed as Assistant Chief of PBP and as Deputy Director of the Department of Public Safety. It is further admitted that

Answering Defendant was previously a Commander within the PBP. The remaining averments are denied as legal conclusions to which no response is required. To the extent that any response is deemed necessary, the averments are denied. In further response, it is specifically denied that Defendant Barone has responsibility for OMI. In further response, it is denied that Defendant Linda Barone is a policymaker for the PBP or that she had final authority for personnel decisions within the PBP or that she final authority regarding promotions.

10.     The averments of Paragraph 10 are denied as legal conclusions to which no response is required. To the extent that any response is deemed necessary, the averments are denied.

11.     The averments of Paragraph of 11 are denied as legal conclusions to which no response is required. To the extent that any response is deemed necessary, the averments are denied.

12.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 12. Therefore, said averments are denied.

13.     Admitted.

14.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 14. Therefore, said averments are denied.

15.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 15. Therefore, said averments are denied.

16.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 16. Therefore, said averments are denied.

17.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 17. Therefore, said averments are denied.

18.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 18. Therefore, said averments are denied.

19.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 19. Therefore, said averments are denied.

20.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 20. Therefore, said averments are denied.

21.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 21. Therefore, said averments are denied.

22.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 22. Therefore, said averments are denied.

23.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 23. Therefore, said

averments are denied.

24.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 24. Therefore, said averments are denied.

25.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 25. Therefore, said averments are denied.

26.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 26. Therefore, said averments are denied.

27.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 27. Therefore, said averments are denied.

28.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 28. Therefore, said averments are denied.

29.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 29. Therefore, said averments are denied.

30.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 30. Therefore, said averments are denied.

31.     Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of the averments of Paragraph 31. Therefore, said averments are denied.

32.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 32. Therefore, said averments are denied.

33.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 33. Therefore, said averments are denied.

34.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 34. Therefore, said averments are denied.

35.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 35. Therefore, said averments are denied.

36.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 36. Therefore, said averments are denied.

37.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 37. Therefore, said averments are denied.

38.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 38. Therefore, said averments are denied.

39.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 39. Therefore, said averments are denied.

40.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 40. Therefore, said averments are denied.

41.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 41. Therefore, said averments are denied.

42.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 42. Therefore, said averments are denied.

43.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 43. Therefore, said averments are denied. Upon information and belief, OMI made determinations of "no discrimination, no retaliation, no harassment" and  "Unfounded."

44.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 44. Therefore, said averments are denied.

45.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 44. Therefore, said averments are denied.

46.     Answering Defendant is without sufficient knowledge or information to

form  a belief as to the truth or falsity of the averments of Paragraph 46. Therefore, said averments are denied.

47.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 47. Therefore, said averments are denied.

48.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 48. Therefore, said averments are denied.

49.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 49. Therefore, said averments are denied.

50.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 50. Therefore, said averments are denied.

51.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 51. Therefore, said averments are denied.

52.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 52. Therefore, said averments are denied.

53.     The averments of Paragraph 53 are denied.

54.      Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 54. Therefore, said

averments are denied.

55.     The averments of Paragraph 55 are denied.

56.     The averments of Paragraph 56 are denied.

57.     Denied as stated. It is admitted that at some time subsequent to former Chief McLay's departure from the PBP, Commander Barone was promoted to Assistant Chief of the PBP and Deputy Director of the Department of Public Safety.

58.     The averments of Paragraph 58 are denied.

59.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 59. Therefore, said averments are denied.

60.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 60. Therefore, said averments are denied.

61.     It is denied that Answering Defendant provided a monopoly to B-Three Solutions. It is admitted that the Pittsburgh has modified the procedures for request for proposals. Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the remaining averments of Paragraph 61. Therefore, said averments are denied.

62.     It is admitted that the Pittsburgh has modified the procedures for request for proposals. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 62, as to the motivations of Pittsburgh for such modifications. Therefore, said averments are denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 67, as to the actions of individuals other than Answering Defendant. Therefore, said averments are denied. It is denied that Assistant Chief and Deputy Director Linda Barone directed anyone, including but not limited to Officer Bowen or Sergeant Cortopassi, to intimidate or pressure Plaintiff to terminate the audit.

68.     Denied.

69.     On information and belief, Officer Bowen and Sergeant Cortopassi held higher rank that Plaintiff. The remaining averments of paragraph 69 are legal conclusions to which no response is required. To the extend a response is deemed necessary, said averments are denied. In further response, Sergeant Cortopassi is no longer employed by the PBP.

70.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 70. Therefore, said averments are denied.

71.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 71. Therefore, said averments are denied.

72.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 72. Therefore, said

averments are denied.

73.      Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 73. Therefore, said averments are denied.

74.      Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 74. Therefore, said averments are denied.

75.      Denied.

76.      Denied.

77.      Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 77. Therefore, said averments are denied.

78.      Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 78. Therefore, said averments are denied.

79.      Admitted.

80.      Denied.

81.      Denied.

82.      It is admitted that Answering Defendant works with Director Hissrich on personnel decisions for PBP. All remaining averments, opinions, and characterizations in Paragraph 82, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity said averments, opinions, and characterizations. Therefore, they are denied.

83.     It is admitted that Answering Defendant reports directly to Director Hissrich and that he is generally aware of Defendants Linde Barone's actions in carrying out her duties as Deputy Director. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 83. Therefore, said averments are denied.

84.     The averment of Paragraph 84 is a legal conclusion to which no response is required. To the extent one is deemed necessary, the averment is denied.

85.     It is admitted that Answering Defendant is Assistant Chief of Administration for the PBP. All remaining averments of Paragraph 85 are denied.

86.     The averments of Paragraph 86 are legal conclusions to which no response is required. To the extent one is deemed necessary, the averments are denied. In further response, Defendant Linda Barone does not have responsibility for OMI.

87.     The averments of Paragraph 87 are legal conclusions to which no response is required. To the extent one is deemed necessary, the averments are denied. In further response, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 87. Therefore, said averments are denied.

88.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 88. Therefore, said averments are denied.

89.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 89, as to whether Plaintiff received lesser performance reviews after Former Chief McClay resigned.

Therefore, said averments are denied.  In further response, it is denied that Assistant Chief and Deputy Director Linda Barone negatively influenced or attempted to negatively influence Plaintiffs' career with the PBP.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 93. Therefore, said averments are denied.

94.     Answering Defendant is without sufficient knowledge or information to form  a belief as to the truth or falsity of the averments of Paragraph 94. Therefore, said averments are denied. In further response, it is denied that Assistant Chief and Deputy Director Linda Barone gave an order as alleged in Paragraph 94.

95.     It is denied that Assistant Chief and Deputy Director Linda Barone harassed Plaintiff in any form directly or indirectly. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 95. Therefore, said averments are denied.

96.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 96. Therefore, said averments are denied. Additionally, the averments of paragraph 96 are legal conclusions to which no response is required. To the extent one is deemed necessary, the averments are denied.

97.     Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of the averments of Paragraph 97, as to what Plaintiff was told on November 20, 2017. Therefore, said averments are denied. In further response, it is denied that Assistant Chief and Deputy Director Linda Barone ordered that Plaintiff not be promoted because of the OMI investigation or any other reason. It is further denied that Answering Defendant's initiated a baseless OMI investigation against Plaintiff.

98.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 98. Therefore, said averments are denied.

99.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 99. Therefore, said averments are denied.

100.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 100, as to what Chatterji "learned" or was told by others. It is denied that Assistant Chief and Deputy Director Linda Barone engaged in any conduct or intimidation or used her influence to interfere with or prevent Plaintiff from being promoted to sergeant.

101.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 101. Therefore, said averments are denied.

102.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 102, as it is unknown what emails Plaintiff is referring to. Therefore, said averments are denied. It is denied that Assistant Chief and Deputy Director Linda Barone engaged in any conduct or intimidation

or used her influence to interfere with or prevent Plaintiff from being promoted to sergeant.

103.    Denied.

104.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 104. Therefore, said averments are denied.

105.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 105. Therefore, said averments are denied.

106.    Denied.

107.    Denied.

108.    It is denied that Assistant Chief and Deputy Director Linda Barone made any racially discriminatory comments concerning Plaintiff. Thus, it is denied that any such comments could have been adopted by Director Hissrich. In further response,  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 108. Therefore, said averments are denied.

109.    Admitted.

110.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 110. Therefore, said averments are denied.

111.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 111. Therefore, said averments are denied.

112.    Answering Defendant is without sufficient knowledge or information to form

a belief as to the truth or falsity of the averments of Paragraph 112. Therefore, said averments are denied.

113.    Denied.

114.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 114. Therefore, said averments are denied.

115.    It is denied that Answering Defendant directed Alicia George to confront Officer Chatterji.   Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 115. Therefore, said averments are denied.

116.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 116. Therefore, said averments are denied. Therefore, said averments are denied. It is denied that Assistant Chief and Deputy Director Linda Barone directed Alicia George or anyone to threaten Plaintiff with ruining his career unless he signed a non-disclosure agreement relating to information about herself or B-Three Solutions.

117.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 117. Therefore, said averments are denied.

118.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 118. Therefore, said averments are denied.

119.    Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of the remaining averments of Paragraph 119. Therefore, said averments are denied.

120.    It is denied that Answering Defendant initiated a baseless OMI complaint against Plaintiff or that Director Hissrich authorized her to initiate her OMI complaint.

121.    Denied.

122.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 122. Therefore, said averments are denied. It is denied that the OMI complaint "permitted [Defendant] to investigate Officer Chatterji without limitation."

123.    Denied.

## **COUNT I**

124.    No response is required. All preceding paragraphs are incorporated here by reference.

125.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 125. Therefore, said averments are denied.

126.    The averments of Paragraph 126 are legal conclusions and/or opinion and not factual averments. No response to such averments is required. To the extent a response is deemed necessary, the averments are denied.

127.    The averments of Paragraph 127 are legal conclusions to which no response is required. To the extent a response is deemed necessary, the averments are denied.

128.    The averments of Paragraph 128 are legal conclusions to which no

response is required. To the extent a response is deemed necessary, the averments are denied.

WHEREFORE, Defendant Assistant Chief and Deputy Director Linda Barone respectfully requests that judgment be entered in her favor, along with attorney's fees and costs.

## COUNT II

129.    No response is required. All preceding paragraphs are incorporated here by reference.

130.    The averments of Paragraph 130 are legal conclusions to which no response is required. To the extent a response is deemed necessary, the averments are denied.

131.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 131. Therefore, said averments are denied.

132.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 132. Therefore, said averments are denied.

133.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 133. Therefore, said averments are denied. It is unknown to what "evidence" or reports, Plaintiff refers. To the extent there are written reports, said writings speak for themselves.

134.    The averments of Paragraph 134 are legal conclusions to which no response is required. To the extent a response is deemed necessary, the averments of

Paragraph 134 are denied. It is unknown to what "evidence" or reports, Plaintiff refers. To the extent there are written reports, said writings speak for themselves. In further response, Defendant Linda Barone denies that she retaliated against Plaintiff in any form.

135.   The averments of Paragraph 135 are legal conclusions to which no response is required. To the extent a response is deemed necessary, the averments are denied.

WHEREFORE, Defendant Assistant Chief and Deputy Director Linda Barone respectfully requests that judgment be entered in her favor, along with attorney's fees and costs.

## AFFIRMATIVE DEFENSE NO. 1

Defendant Linda Barone acted at all times in non-discriminatory manner toward Plaintiff.

## AFFIRMATIVE DEFENSE NO. 2

Defendant Linda Barone did not engage in any acts of retaliation toward Plaintiff.

## AFFIRMATIVE DEFENSE NO. 3

At all times, Defendant Lina Barone acted within her authority to carry out her responsibilities and duties as Assistant Chief of the PBP and Deputy Director of the Department of Public Safety in a manner consistent with the United States and Pennsylvania Constitutions and the laws of the United States and of the Commonwealth of Pennsylvania.

## AFFIRMATIVE DEFENSE NO. 4

Defendant Assistant Chief and Deputy Director Linda Barone is entitled to Qualified Immunity.

## AFFIRMATIVE DEFENSE NO. 5

Defendant Assistant Chief and Deputy Director Linda Barone is entitled to the protections of the Pennsylvania Political Subdivision Tort Claims Act, including all immunities and limitations afforded thereby. Defendant Linda Barone incorporates said immunities and limitations as though fully set forth herein.

## AFFIRMATIVE DEFENSE NO. 6

Plaintiff has not stated a cause of action upon against Defendant Linda Barone upon which relief may be granted.

## AFFIRMATIVE DEFENSE NO. 7

Plaintiff has not stated a cause of action for which punitive damages against Defendant Linda Barone.

## AFFIRMATIVE DEFENSE NO. 8

Defendant Linda Barone is immune from some or all of Plaintiff's claims for damages.

## AFFIRMATIVE DEFENSE NO. 9

Defendant Linda Barone did not violate any right or privilege of Plaintiff provided or secured by the United States Constitution or the laws of the United States.

## AFFIRMATIVE DEFENSE NO. 10

Defendant Linda Barone did not act with malice toward Plaintiff.

## AFFIRMATIVE DEFENSE NO. 11

Defendant Linda Barone did not act with deliberate or callous indifference of Plaintiff's rights or privileges provided or secured by the United States Constitution or the laws of the United States.

## AFFIRMATIVE DEFENSE NO. 12

Defendant Linda Barone was justified in any of her actions or conduct concerning Plaintiff.

## AFFIRMATIVE DEFENSE NO. 13

Defendant Linda Barone properly exercised her rights to file a complaint with the Office of Municipal Investigations.

## AFFIRMATIVE DEFENSE NO. 14

Defendant Linda Barone acted with the approval and support of her superiors of the PBP.

## AFFIRMATIVE DEFENSE NO. 15

Plaintiff has failed to take reasonable steps to mitigate his damages.

## AFFIRMATIVE DEFENSE NO. 16

Plaintiff failed to avail himself of and/or exhaust administrative remedies.

## AFFIRMATIVE DEFENSE NO. 17

Defendant Linda Barone is immune from punitive damages.

## AFFIRMATIVE DEFENSE NO. 18

The imposition of punitive damages in this action would violate Defendant Linda Barone's Constitutional right of due process under the Pennsylvania Constitution and the United States Constitution. Punitive damages are penal in nature and are tantamount to the imposition of a criminal fine. Punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment and the applicable provisions of the Pennsylvania Constitution. Punitive damages would amount to excessive fines under the United States

and Pennsylvania Constitutions. The instructions and standards for the imposition of punitive damages are vague, indefinite and uncertain and do not set any limit on the damages that can be awarded and do not apprise the Defendant of the conduct that would subject them to the equivalent of criminal penalties. The imposition of the punitive damages would place and undue burden upon commerce in violation of Article I, Section 8 of the United States Constitution. It is denied that any conduct by Defendant Linda Barone was willful, wanton, malicious, or reckless, and this Defendant, therefore, denies that she is liable for punitive damages.

### AFFIRMATIVE DEFENSE NO. 19

Defendant Linda Barone denies each and every allegation of the Amended Complaint that has not been specifically admitted in the forgoing Answer and Affirmative Defenses.

### AFFIRMATIVE DEFENSE NO. 20

The Court lacks subject matter jurisdiction.

### AFFIRMATIVE DEFENSE NO. 21

Plaintiff's claims are barred by the applicable statutes of limitations.

### AFFIRMATIVE DEFENSE NO. 22

Plaintiff's claims are barred in, whole or in part, insofar as Defendant Linda Barone was not the proximate cause any alleged injury or damage incurred by Plaintiff.

### AFFIRMATIVE DEFENSE NO. 23

Plaintiff's own actions and/or failure to act were the direct and proximate cause the alleged injuries and damages.

### AFFIRMATIVE DEFENSE NO. 24

Plaintiff has failed to identify comparably situated employees who received more favorable or less unfavorable treatment.

## **AFFIRMATIVE DEFENSE NO. 25**

Plaintiff's claims fail to show that the challenged conduct violated any clearly established constitutional right or law of which a reasonable law enforcement officer should have been aware.

Dated:  March 22, 2019

Respectfully submitted,

ELLIOTT & DAVIS, P.C.

By: */s/James Tallman*_____
        James Tallman, Esq.
         Pa Bar Id. 79257
        425 First Avenue, First Floor
        Pittsburgh, PA 15219
        Tel: (412) 434-4911, ext. 17
        *Attorney for Defendant*
        *Linda Barone*