**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUROTH CHATTERJI, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PITTSBURGH and LINDA )<br>BARONE, individually, )<br>    Defendants. ) | Civil Action No. 2:18-cv-00199-CB<br><br>Judge Cathy Bissoon |

**[Proposed] PROTECTIVE ORDER**

Upon the request of the parties in the above-captioned action, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following protective order to facilitate discovery in this action and to protect confidential or sensitive information produced in discovery by restricting its dissemination and use.

1. **Protectable Information**

    a) "Protectable Information" is any information produced in discovery in this action that is within or derived from the following categories of information:

    i) material protected under the Criminal History Records Information Act, 18 Pa.C.S. §§ 1901 *et seq*.;
    ii) personnel and/or employment history/profile of any City of Pittsburgh employee, past or present;
    iii) complaints, complainants, claims and/or investigations pertaining to any complaints, complainants or claims submitted against any City of Pittsburgh employee with the Office of Professional Standards/Office of Municipal Investigations or any other individual or department of the City of Pittsburgh;
    iv) medical records or other personal health information; and
    v) material deemed confidential under the terms of the working agreement in effect between the City of Pittsburgh and the Fraternal Order of Police, Fort Pitt Lodge No. 1.

b) Notwithstanding paragraph (a), the following information is not Protectable Information: any information that (i) at the time that the information is produced, is in the public domain or (ii) after the information is produced, becomes part of the public domain in a manner that does not violate this protective order.

2. **Designation of Protected Information**

   a) "Protected Information" is any Protectable Information that the producing party or non-party "Designates" as confidential.

   b) A party or non-party producing Protectable Information may "Designate" that information as confidential through one of three mechanisms:

      i) For documents produced in discovery, including sworn statements and responses to written discovery requests, by marking the pages of the document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:18-cv-199";
      ii) For Protectable Information stored in a medium that makes such stamping impracticable (such as computer data), by stamping or marking the casing or housing of the medium as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:18-cv-199"; or
      iii) For depositions, by providing written notice indicating the page and line numbers of the transcript that are to be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:18-cv-199"; such written notice shall be provided within 21 days of the preparation of the transcript to all persons either in attendance at the deposition or known to have possession or custody of the deposition transcript; and for the period between the time of deposition and 21 days following its transcription, the contents of the deposition shall be treated as Protected Information.

   c) Information copied or derived from Protected Information also constitutes Protected Information.

    d) This protective order does not confer a right to any person who receives information in discovery to Designate that information as Protected Information; if a person wishes to secure some degree of protection for information it receives in discovery, that should be addressed through separate motion.

3. **Permissible Uses and Required Maintenance of Protected Information**

    a) Any person receiving Protected Information shall use that Protected Information only for purposes of this action.

    b) Any person receiving Protected Information shall take reasonable efforts to safeguard its confidentiality as well as the confidentiality of copies and derivations of that Protected Information.

    c) Any person receiving Protected Information shall not disclose or disseminate that Protected Information except to the following persons:

        i) The Court, including any appellate court or tribunal responsible for adjudicating claims or defenses related to this action, as well as court personnel and court reporters;
        ii) Counsel of record for the parties;
        iii) Witnesses at deposition;
        iv) Persons regularly in the employ of counsel for the parties who have a need to use the Protected Information in the performance of their responsibilities related to this action;
        v) Parties to this action as well as their officers, directors, in-house counsel, and employees who have a need to use the Protected Information in the performance of their responsibilities related to this action;
        vi) Consultants and expert witnesses consulted, retained, or hired by any party to this action, but only to the extent that they need Protected Information to elicit their expert report, opinion, testimony, and/or consultation regarding this action; and
        vii) Outside contractors hired by a party (or counsel for a party) to copy, image, sort, review, or otherwise manage the storage and retrieval of Protected Information.

    d) Before any person identified in subparagraphs (c)(iii)-(vii) may receive Protected Information, that person must be provided a copy of this protective order.

4. **Filing Protected Information**
   a) If any party or non-party seeks to file Protected Information with the Court or to use Protected Information in open court before trial, then that party or non-party shall either move to file the Protected Information under seal or move to de-designate the Protected Information.
   b) Any party or non-party seeking to file a document under seal must comply with the Court's Local Civil Rules.

5. **Challenging a Designation**
   a) A party that receives Protected Information may challenge the Designation of that information through a motion to de-designate.
   b) A motion to de-designate must contain a certification of counsel that describes the efforts taken to resolve the Designation issue without court intervention; if the required description does not evidence reasonable and good faith efforts, the motion to de-designate may be summarily denied or summarily granted.
   c) If a party seeks to include Protected Information as an exhibit to a motion to de-designate, the party shall file a provisional motion to seal the exhibit.

6. **Obligations Upon Termination of this Action**
   a) "Termination" of this action occurs on either (i) the date of dismissal of this action pursuant to a settlement agreement or (ii) the date upon which all appellate rights expire following final disposition or judgment of this action.
   b) Upon Termination, no party or non-party may Designate additional information as confidential.

c) After 30 days following Termination, no person may move to de-designate Protected Information.

d) Within 60 days of Termination, each person who has received Protected Information, except those identified in subparagraphs 3(c)(i) and (ii) must return or destroy it.

e) Within 60 days of Termination, each person identified in subparagraph 3(c)(ii) who has received Protected Information must return or destroy it, except Protected Information (i) that has been incorporated into counsel of record's litigation case files, and (ii) the return or destruction of which would impair the integrity of those litigation case files.

| | |
|---|---|
| **Date** | **Cathy Bissoon**<br>**United States District Judge** |